IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VS.  　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 2:05cv120
　　　　　　　　　　　　　　　　　　　ORIGINAL CRIMINAL CASE NO. 2:03cr10
DERRICK ARTWAIN PERRY

ORDER

This cause coming on this day to be heard on Motion to Vacate filed by Movant, Derrick A. Perry, and the Court after throughly reviewing the motion finds that the motion should be **denied** for the hereinafter stated reasons.

FACTUAL BACKGROUND

The Defendant entered a plea of guilty for the offense of Conspiracy to Possess a Controlled Substance With Intent to Distribute. The judgment and sentence was entered on January 16, 2004.  The Motion to Vacate Sentence, under 28 U.S.C. 2255 was filed on February 3, 2005. In it the petitioner alleges as Ground One:

> The day of sentencing the U.S. Attorney increased my offense level
> from 26 to 28 by holding me responsible for one kilo of cocaine
> which wasn't a part of my guilty plea nor my indictment nor my
> pre-sentence investigation.  I only agreed to have the kilo added to
> my offense because the attorney said it's the only way to receive
> my three points for accepting responsibility. Also, Judge Charles
> W. Pickering, Sr., asked Agent Don Penny, who was responsible
> for the cocaine and Penny stated the cocaine source was higher up
> and he never located the source of the cocaine.

28 U.S.C. 2255 states in part...Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the Court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, ...

The motion itself shows conclusively that the petitioner is not entitled to any relief.  By

his own admissions he states that he agreed to have the kilo of cocaine added to his offense level

Rule 4(b) of the rules governing § 2255 proceedings state: "The motion together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief from the District Court, the judge shall make an order for its summary dismissal and cause the movant to be notified...."

This Court finds that it plainly appears from the face of the motion and the prior proceedings in the case that the Movant is not entitled to any relief and the motion should be **denied.**  A separate judgment will be entered herein in accordance with this order as required by Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED on this, the 10th day of April, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE